# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN ALAN BRISLAWN,<br><br>Defendant. | Case No. CR09-0050<br><br>ORDER FOR PRETRIAL DETENTION |

On the 27th day of July, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti S. Sleister. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## RELEVANT FACTS

On July 22, 2009, Defendant Brian Alan Brislawn was charged by Indictment (docket number 3) with conspiracy to distribute 50 grams or more of methamphetamine within 1,000 feet of a playground (Count 1), distribution of methamphetamine within 1,000 feet of a playground (Count 2), possession with intent to distribute methamphetamine (Count 3), and possession of pseudoephedrine, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on September 21, 2009.

Marion Police Officer Brian Heinricy, who is currently assigned to the DEA Task Force, testified regarding the circumstances giving rise to these charges. According to Officer Heinricy, Defendant's suspected involvement in the sale of methamphetamine came to the Task Force's attention from several confidential sources. On July 3, 2008, a

1

confidential source called Heather Smith, who at that time was believed to be the girlfriend of Defendant. Smith agreed to sell the confidential source seven grams of methamphetamine for $500. Smith told the confidential source that she did not have the drugs and was waiting for Defendant to return home. Smith and Defendant were subsequently seen leaving their apartment and were followed to Hy-Vee, where the transaction occurred. Defendant was driving and Smith was a passenger. Smith got into the backseat of a car occupied by the confidential source and Special Agent Dustin Wernli, acting undercover. Smith gave the confidential source seven grams of methamphetamine in exchange for $500. Smith then got back in the car with Defendant and drove off.

On July 23, 2008, the confidential source had a phone conversation with Smith to arrange for the purchase of two ounces of methamphetamine. After they were unable to reach an agreement regarding the price, the confidential source gave the phone to Special Agent Wernli. Smith then gave the phone to Defendant, and an agreement was reached for Defendant to sell Special Agent Wernli two ounces of methamphetamine for $2,100 per ounce. The transaction was to occur at Hy-Vee. Cedar Rapids Police subsequently conducted a traffic stop of the car being driven by Defendant, with Smith as a passenger. Two ounces of methamphetamine were found in Defendant's possession.

Officer Heinricy testified that when Defendant was arrested recently at his current girlfriend's house, a search revealed baggies of methamphetamine, pseudoephedrine, and other items relating to the manufacture of methamphetamine. A driver's license was also found, which Defendant's girlfriend said was used by Defendant "to hide his own identity." Defendant asked Officer Heinricy how they found him, and then stated that he would "take care of" anyone who disclosed his whereabouts.

According to the pretrial services report, Defendant is 29 years old and was living with his girlfriend in Monticello prior to his arrest. Defendant's girlfriend has a felony conviction for delivery of a controlled substance, and numerous other theft-related and assault convictions. Defendant was married for one year and has a three-year-old son who lives with the child's mother. Defendant also fathered a child when he was 17 years old,

2

but he does not know the child's whereabouts. Defendant has been unemployed for the past year. According to Defendant, he won a "bunch of money from a casino" a year ago and has been living off the winnings.

Defendant told the pretrial services officer that he began using methamphetamine last year, and has used it a total of ten times. According to Defendant, his last use was three months ago.

Defendant was charged with burglary in the third degree in March 1998 and received a deferred judgment in November 1998. While on probation, Defendant was charged with burglary in the second degree. Defendant then received a suspended prison term on both burglary charges, with a requirement that he reside at a residential facility.

Defendant had no additional convictions until 2008. In January 2008, Defendant was charged with possession of a controlled substance, unlawful possession of prescription drugs, and possession of drug paraphernalia. He failed to appear in February 2008 and a warrant was issued for his arrest. In March 2008, Defendant was charged again with the same offenses. Defendant failed to appear on the new charges in July 2008. In August 2008, Defendant failed to appear in both cases. Finally, in October 2008, Defendant received short jail terms in both cases.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this

determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute 50 grams or more of methamphetamine within 1,000 feet of a playground, distribution of methamphetamine within 1,000 feet of a playground, possession with intent to distribute methamphetamine, and possession of pseudoephedrine, knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with four drug-related offenses. Two of the transactions involve an undercover law enforcement officer. On the second occasion, two ounces of methamphetamine were found in Defendant's possession. Accordingly, the weight of the evidence would appear to be strong. Defendant is not employed and does not have a stable residence. Most recently, Defendant has resided with his girlfriend, although she also has an extensive prior criminal record. In 2008, Defendant failed to appear for court on at least three occasions. Officer Heinricy testified that Defendant has a reputation for carrying a firearm and reportedly shot it on one occasion. Obviously, the combination of drugs and guns constitutes a danger to the community.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is

probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (July 24, 2009) to the filing of this Ruling (July 28, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 28th day of July, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA